UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW C.,[1]<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,[2]<br><br>　　　　　　　　　　Defendant. | Case No.: 24-cv-322-JES-LR<br><br>**ORDER:**<br><br>**(1) OVERRULING PLAINTIFF'S OBJECTION;**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br><br>**(2) AFFIRMING DECISION OF THE COMMISSIONER**<br><br>**[ECF Nos. 12, 13]** |

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

[2] Plaintiff named Martin O'Malley, who was the Acting Commissioner of Social Security when Plaintiff filed his Complaint on February 21, 2024, as a Defendant in this action. *See* ECF No. 1 at 1. The Acting Commissioner of the Social Security resigned effective February 17, 2025, and a new Acting Commissioner has not yet been officially named. Pursuant to Federal Rule of Civil Procedure 17(d), Defendant is therefore referred to "by official title rather than by name." Fed. R. Civ. P. 17(d).

Before the Court is Plaintiff Matthew C. and Defendant Commissioner of the Social Security Administration's ("Commissioner") Joint Motion for Judicial Review of Final Decision of the Commissioner of Social Security. ECF No. 1. On February 21, 2025, Magistrate Judge Lupe Rodriguez issued a Report and Recommendation ("R&R") on the matter, recommending that this Court affirm the Commissioner's decision denying Plaintiff benefits. ECF No. 12. The parties were instructed to file written objections to the R&R by February 28, 2025, and replies by March 7, 2025. *Id*. at 40-41. On February 27, 2025, Plaintiff filed a timely objection to the R&R. ECF No. 14. No reply was filed by the reply due date.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's R&R. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). However, in the absence of objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## II.  DISCUSSION

Plaintiff objects to only one issue in the R&R, related to the ALJ's finding at Step 5. ECF No. 14. The ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") "to perform medium work as defined in 20 CFR 404.1567(c)" with restrictions, including the ability to only "frequently handle and finger with the non-dominant left extremity," and the specification that Plaintiff must "avoid concentrated exposure to extreme cold, extreme heat, vibrations, fumes, odors, gases, and other pulmonary irritants." ECF No. 13 at 14. At the hearing, the Vocational Expert ("VE") testified that the hypothetical claimant with this RFC and Plaintiff's age, education, and work experience could perform three jobs: (1)

1  cleaner II, DOT 919.687-014b (54,000 jobs); (2) hospital cleaner, DOT 323.687-010
2  (34,000 jobs); and (3) floor waxer, DOT 381.687-034 (110,000 jobs). *Id.* at 14-15. In his
3  opinion, the ALJ noted a conflict between the VE's testimony and the Dictionary of
4  Occupational Titles ("DOT") regarding the cleaner job: "The DOT indicates that this job
5  requires constant handling, whereas the claimant can only frequently handle with his upper
6  left extremity." *Id.* at 15. Regardless, the ALJ stated that there were reasonable
7  explanations for this discrepancy and accepted the VE's testimony. *Id.* (pointing to the
8  VE's testimony that Plaintiff could perform the three identified jobs "with the limitations
9  above").

10  On this issue, the R&R found that the ALJ had an independent and affirmative duty
11  to resolve obvious or apparent conflicts between the VE's testimony and the DOT. *Id.* The
12  R&R concluded that this duty was not fulfilled by simply relying on the VE to alert the
13  ALJ if there was a discrepancy. *Id.* In this case, the ALJ never questioned the VE regarding
14  this discrepancy other than generally instructing the VE to let him know if his testimony
15  was inconsistent with the DOT. *Id.* The R&R concluded that this was insufficient to fulfill
16  the ALJ's duty. *Id.* at 16. However, the R&R went on to find that this error was harmless
17  because other than the cleaner job, the VE had identified the two other jobs, hospital cleaner
18  and floor waxer, that was consistent with Plaintiff's RFC. *Id.* The R&R concluded that
19  these jobs existed in significant numbers in the national economy even once the cleaner
20  position was eliminated from consideration. *Id.* Thus, the error was harmless. *Id.*

21  Plaintiff objects to the final part of this conclusion in the R&R—specifically, that
22  the error was harmless. ECF No. 14 1-2. Plaintiff argues that the determination of what
23  constitutes a significant number of jobs in a national economy is a question of fact for the
24  ALJ to decide. *Id.* at 2. Therefore, Plaintiff argues that the case must be remanded back to
25  the ALJ to determine whether the two remaining jobs exist in a "significant number" in the
26  first instance. *Id.*

27  Plaintiff is correct that the Ninth Circuit stated in *Gutierrez v. Colvin*, 740 F.3d 519,
28  527-29 (9th Cir. 2014), that "whether there [is] a significant number of jobs a claimant is

able to perform with his limitations is a question of fact to be determined by a judicial officer." (citing *Martinez v. Heckler*, 807 F.2d 771, 775 (9th Cir. 1986)). However, the case does not hold that remand is required in this exact situation. Indeed, courts that are faced with the situation here apply the harmless error standard. For example, in *Kateria Y. v. Kijakazi*, No. 2:19-CV-00510-REP, 2022 WL 2439091, at *2–3 (D. Idaho July 5, 2022), the court stated:

> [T]he question of what constitutes a 'significant number' of jobs can arise as part of a harmless error analysis. This happens when the ALJ errs in finding that a claimant can perform a subset of jobs, but has not issued any findings about whether the jobs that are unaffected by the error are sufficiently numerous to independently support a finding of non-disability**.** In these circumstances, the Court reviews the impact of the ALJ's error using the harmless error standard. This is not a deferential standard. A reviewing court can only consider an error harmless if the Court can be 'confident' that the error did not impact the ultimate disability determination.

(internal citations omitted). This is the exact situation here—the ALJ considered three job categories that Plaintiff could have performed, and there is an error to only one of them. In such situations, nevertheless, "courts routinely find harmless error even when the ALJ never made a finding as to whether the available jobs represented a 'significant number.'" *Ford v. Colvin*, No. 1:12-CV-00153-LJO, 2013 WL 1499337, at *12 (E.D. Cal. Apr. 11, 2013).

This Circuit has affirmed district courts that have affirmed the ALJ's finding of substantial jobs even where one job was erroneously included as long as the other jobs existed in significant numbers. *See, e.g.*, *Mitchell v. Colvin*, 584 Fed. App'x 309, 312 (9th Cir. 2014) (finding that erroneous identification of job constituted harmless error where ALJ identified another job that existed in significant numbers); *Yelovich v. Colvin*, 532 Fed. App'x 700, 702 (9th Cir. 2013) (same); *Allison v. Astrue*, 425 F. App'x 636, 640 (9th Cir. 2011) (same). District courts have done the same. *See, e.g.*, *Geri H. v. Kijakazi*, No. 4:19-CV-00172-REP, 2021 WL 4138394, at *11 (D. Idaho Sept. 10, 2021) (where subtracting the erroneously included job still left two jobs, one with 44,000 jobs available

1  in the national economy and one with 37,000 jobs in the national economy, ALJ's error did
2  not affect ultimate finding that plaintiff could perform jobs existing in significant
3  numbers); *William P. v. Comm'r of Soc. Sec.*, 446 F. Supp. 3d 715, 731–32 (E.D. Wash.
4  2020) (same where other jobs existed in significant numbers); *Dunn v. Colvin*, No.
5  13CV1219-MMA RBB, 2014 WL 2159275, at *9 (S.D. Cal. May 23, 2014) (same); *Araiza
6  v. Comm'r of Soc. Sec.,* No. 121CV00295CDBSS, 2023 WL 6308553, at *7 (E.D. Cal.
7  Sept. 28, 2023) (same); *Tammie C. v. Saul*, No. 20-CV-01008-TSH, 2021 WL 121128, at
8  *8–9 (N.D. Cal. Jan. 13, 2021) (same).

9        Thus, the Court **OVERRULES** Plaintiff's objection that the error in including the
10 cleaner job requires remand back to the ALJ to determine if the remaining two jobs exist
11 in significant numbers. Plaintiff does not appear to object to the specific finding in the
12 R&R that the other two jobs—which exist in numbers totaling 144,000—would constitute
13 a significant number in the national economy. *See Gutierrez*, 740 F.3d at 529 (even though
14 the Ninth Circuit does not have a bright line rule to what number constitutes a significant
15 number of jobs, holding that 25,000 jobs nationally is a significant number).

16       Apart from this issue, neither party raised objections to the remainder of the R&R.
17 Having reviewed the remainder of the R&R, the Court finds it thorough, well-reasoned,
18 and contains no clear error.

19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

### III. CONCLUSION

Accordingly, the Court hereby: (1) **OVERRULES** Plaintiff's Objection to the R&R; (2) **ADOPTS** Magistrate Judge Rodriguez' R&R; (2) **AFFIRMS** the decision of the Commissioner denying benefits to Plaintiff; and (3) **DIRECTS** the Clerk of the Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

Dated: March 20, 2025

Honorable James E. Simmons Jr.
United States District Judge